## HORNING *v.* HORNING.

1. DIVORCE—CUSTODY OF CHILDREN.
   Upon an appeal by a wife from the terms of a decree by which she was granted a divorce on the ground of extreme cruelty, it was *held* that the court properly awarded to her the custody of the children under 14 years of age, and permitted the others to elect with which parent they would reside.

2. SAME—ALIMONY.
   In estimating the value of the husband's estate as the basis for an allowance of permanent alimony, his interest in an unfinished lumbering contract, from which he has derived and will in all probability continue to derive large profits, should be taken into consideration.

Appeal from Mecosta; Palmer, J. Submitted December 6, 1895. Decided December 24, 1895.

Bill by William H. Horning against Hattie Horning for a divorce. Defendant answered, claiming the benefit of a cross-bill, and a decree was entered in her favor, from the terms of which she appeals. Decree modified and affirmed.

*Frank Dumon*, for complainant.

*Wesley W. Hyde*, for defendant.

LONG, J. In November, 1893, the complainant filed his bill to obtain a decree of divorce from the defendant, and for the custody of their children. The defendant appeared, and filed an answer in the nature of a cross-bill, asking a decree of divorce from the complainant, upon the ground, among others, of cruel treatment. The complainant answered the cross-bill. The proofs were taken in open court, and a decree entered dismissing complainant's bill, and granting a decree upon the cross-bill, in favor of the defendant, on the ground of extreme cruelty, and awarding her the custody of the two younger children until they should, respectively, attain the age of 14 years, and providing that the two older children should each elect with which parent she would reside. The decree further provided that the defendant was entitled to alimony and dower in the lands of the complainant. It found the value of complainant's estate to be $19,475, and upon that the defendant was awarded the gross sum of $6,492 in lieu of dower and of permanent alimony, as follows: Property, real and personal, to the amount of $3,700, upon which there is no incumbrance; and provided that the balance of $2,792 should be paid in cash within 60 days after the signing of such decree, and that the defendant should relinquish her right of dower in and to the complainant's lands, and assign to

him her interest in an insurance policy upon the life of complainant. From this decree the defendant appeals.

The principal object of the appeal appears to be to secure from this court a larger sum of money as permanent alimony in lieu of dower and a larger sum for the expenses of suit than allowed in the lower court. The court below had from time to time allowed to defendant certain sums as expenses and solicitor's fees in the conduct of her case, and, in making a final decree, awarded no further costs than the payment of the register's fees of that court.

We think there was sufficient evidence in the case to warrant a decree in favor of the defendant on the ground of cruel treatment, and that the court very properly awarded the custody of the two younger children to defendant, and permitted those who were over 14 years of age to choose with whom they would reside; so that the only remaining question is whether the defendant has been awarded a sufficient amount of alimony according to the financial circumstances of the complainant.

Counsel for defendant contends that the court below was in error in fixing the amount of complainant's property to be $19,475, and insists here that the record shows him to be possessed of from $30,000 to $40,000. He further insists that the court, in fixing the amount of complainant's property, did not take into consideration a certain interest which the complainant, as one of the firm of Horning & Hart, had in a lumber contract with William Peter, of Toledo. This contract was entered into in 1887, by the terms of which Horning & Hart were to cut and manufacture into lumber certain pine timber in northern Michigan. For several years they have been engaged upon such contract, making large profits, and it will take several years yet to complete the contract, and out of which, it is insisted, large profits will be made in the future. The witnesses called by the parties upon either side did not agree as to the present value of this

contract, some of them estimating that there were 24,-
000,000 feet of lumber yet to be cut under the contract,
and others estimating it at a much less amount.    There
was some contention in the court below over the value of
a mill belonging to the firm, which was used in carrying
out the Peter contract, complainant's witnesses putting
its value at a less sum than the defendant's witnesses;
but apparently the value of that plant was taken into
consideration by the court below in fixing the amount of
alimony.

Whatever may be said as to the uncertainty of large
profits being yet made out of the Peter contract for lum-
bering these lands, we think it is shown beyond much
controversy that something should be added to the value
of complainant's property by reason of it, and that the
court below was in error in fixing the total value at $19,-
475, and awarding to defendant only one-third of that,
under the circumstances stated in the bill and as shown
by the proofs.    We think the value of complainant's prop-
erty should have been fixed at a greater sum, and the
defendant awarded a larger sum as permanent alimony
and for the release of her dower interest, than fixed by
the court below.    The Peter contract has been in the
past a source of great profits to Horning & Hart, and,
according to the testimony of witnesses, it is a contract
which will yet produce large profits, and should be taken
into consideration in fixing the amount which com-
plainant should pay to the defendant.

The decree of the court below will be affirmed in all
things except as to the amount of cash which complain-
ant shall pay to defendant, which was fixed by the court
below at $2,792.    That will be increased to $5,000, and to
be paid within 60 days from the affirmance of the decree
in this court.    Defendant has been put to considerable
expense in perfecting her appeal to this court, and pre-
paring her case for argument here by her solicitor; and a

further sum of $350 will be awarded as solicitor's fees in addition to the other taxable costs in this court.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.